# RE THOMAS B. DANIEL.

San Juan, Naturalization.

### NATURALIZATION OF AMERICAN SOLDIER.

Naturalization—Soldier.

> If a man is willing to die for a country it is only right that
> he should be permitted to live as its citizen. A soldier may be
> admitted without preliminary declaration and without five years'
> residence. The court of the Federal district where he is stationed
> has jurisdiction.

Opinion filed July 17, 1918.

*Mr. Miles M. Martin,* District Attorney, for Naturalization
Bureau.

HAMILTON, Judge, delivered the following opinion:

The applicant is shown by proper evidence to have lived more
than five years in the United States, but not much more
than three months in the Island of Porto Rico. He has not
heretofore declared his intention to become a citizen, but now
applies for naturalization under the recent temporary act ap-
proved May 9, 1918.

This contains many provisions to meet present public emer-
gencies, and amongst them that "any alien serving in the mil-
itary or naval service of the United States during the time this
country is engaged in the present war may file his petition for

Re Daniel.

naturalization without making the preliminary declaration of intention and without proof of the required five years' residence within the United States." [40 Stat. at L. —, chap. —, Comp. Stat. —, § 4352.] Lower down in this same 7th subdivision it is provided also that "any alien or any person owing permanent allegiance to the United States embraced within this subdivision may file his petition for naturalization in the most convenient court without proof of residence within its jurisdiction notwithstanding the limitation upon the jurisdiction of the courts specified in § 3 of the Act of June 29, 1906, provided he appears with his two witnesses before the appropriate representative of the Bureau of Naturalization, and passes the preliminary examination hereby required." There seems to be no question, therefore, that the applicant, who has made proof of his alienage, serves in the Radio branch of the Naval Service and is entitled to apply. The question is upon the power of this court to proceed under § 3 of the Act of June 29, 1906, which says "that the naturalization jurisdiction of all courts herein specified . . . shall extend only to aliens resident within the respective judicial districts of such courts." [34 Stat. at L. 596, chap. 3592, Comp. Stat. 1916, § 4351.] Ordinarily a soldier does not acquire residence by being stationed at a place in discharge of his duty, for he may be sent elsewhere at any moment. Nevertheless the act in question relates to soldiers and must be construed in connection with their duties. The applicant resides within this district in the only way in which a soldier can reside within any district. The Act of May 9, 1918, above quoted, dispenses with proof of residence when there has been an appearance before the Board of Naturalization, and that has not been done in this case. But

Re Daniel.

that provision does not seem to apply to the case at bar. It seems to be part of the general legal scheme by which an alien is permitted to be made a citizen without appearing before the court, the provision being that he may file such petition when an examination, which otherwise would have been made by the court itself, has been made by the representative of the Bureau of Naturalization, and this is to be made part of the record at the original and subsequent hearings. The fact that the petitioner does not produce this record is immaterial, because he does not need the record; the court·is able to make the examination itself, and need not rely upon examination made by the naturalization authorities for use under other circumstances.

Upon the whole, the petitioner satisfies the requirements of the law, which must construed broadly to advance the purpose, which is to enable a man who is willing to offer his life in the service of the United States, and whom the United States has accepted in such service, to receive the recognition implied in becoming a citizen of the United States. If a man is willing to die for a country, it is only right that he should be permitted to live as its citizen.

It follows, therefore, that the petition will be granted, and that the oath of allegiance is accordingly administered.

It is so ordered.